

**FILED**

2005 MAR 23  A 9: 54

U.S. DISTRICT COURT
NEW HAVEN, CT

U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Brien McMahon Federal Building* | *(203) 696-3000* |
| *915 Lafayette Boulevard, Room 309* | *Fax (203) 579-5575* |
| *Bridgeport, Connecticut 06604* | *www.usdoj.gov/usao/ct* |

August 31, 2004

Via Facsimile
The Honorable Ellen Bree Burns
Senior United States District Judge
United States District Court
141 Church Street
New Haven, Connecticut 06510

      Re:    United States v. Noel Davila, 3:02CR258 (EBB)

Dear Judge Burns:

      We write to inform the Court of new authority directly bearing upon certain of the issues raised by the defendant Noel Davila in his post-trial motions filed in the above referenced case. See "Chambers Practices, A Guide to the Practices of U.S. District Court Judges and Magistrate Judges in Connecticut" at 5 (Connecticut Bar Association 2000) ("Judge Burns . . . does not object to counsel's informing her of the existence of new authority by way of a letter.").

      On August 10, 2004, the Fifth Circuit Court of Appeals squarely rejected the argument that threatening the use of a weapon of mass destruction in violation of 18 U.S.C. §2332a requires evidence of some future act. See United States v. Reynolds, — F.3d —, 2004 WL 1775972 (5th Cir. 2004) (copy attached). In Reynolds, the defendant was involved in an ongoing dispute with his mortgage company, Countrywide Mortgage ("Countrywide"), in which Reynolds was delinquent on his mortgage payments and Countrywide was considering foreclosure. Id. at *1. Reynolds called Countrywide from his office in Des Moines, Iowa, and attempted to access Countrywide's automated account system to review the status of his loan. Id. Reynolds's delinquency status, however, prohibited him from using the automated system, and instead he was transferred to a customer service representative in Plano, Texas. Upon connecting with the operator, Reynolds yelled into the phone, "I just dumped anthrax in your air conditioner!" Id. The operator immediately contacted security, who quickly determined that the threat was not credible and decided not to evacuate the building.

      Reynolds was nevertheless charged with threatening a weapon of mass destruction in violation of 18 U.S.C. § 2332a. Reynolds was convicted following a jury trial and was sentenced to 51 months in prison.

On appeal, Reynolds claimed that the evidence was insufficient to support his conviction. Among other things, Reynolds specifically claimed that the words "threaten to use" in relation to Section 2332a

> suggest[ed] that only threats of *future* use of a weapon of mass destruction are prohibited by the statute. Reynolds argue[d] that because his statement indicated a *past act, i.e., that he had already dumped anthrax into the air conditioner*, it [could not] be construed as a threat under the statute.

Id. (emphasis added).

The Fifth Circuit, however, summarily rejected the argument, finding "no credible support for a definition of 'threat' that requires reference to a future act." Id. The Court held that "[u]nder the circumstances of this case a rational trier of fact could have found beyond a reasonable doubt that Reynolds 'threatened' to use anthrax." Accordingly, the Court not only concluded that the statement "I just dumped anthrax in your air conditioner" was cognizable as a threat – even in the absence of any fear, evacuation or even a significant response – but it also concluded that Section 2332a does not require conduct referencing some future act.

The government respectfully submits that the Fifth Circuit's decision in Reynolds provides additional support for the government's position. Accordingly, the government writes to advise the Court and counsel for the defendant of its intention to rely upon the Reynolds decision, in addition to the arguments and authority already set forth in its brief.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

BRIAN E. SPEARS
ASSISTANT UNITED STATES ATTORNEY

*/s/ Stephen B. Reynolds*
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

cc:   Timothy Pothin, Esq., Lynch, Traub, Keefe & Errante, 52 Trumbull Street, P. O. Box 1612, New Haven, CT 06510

2004 WL 1775972
--- F.3d ---
(Cite as: 2004 WL 1775972 (5th Cir.(Tex.)))

Page 4

Only the Westlaw citation is currently available.

United States Court of Appeals,
Fifth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Larry D. REYNOLDS, Defendant-Appellant.

No. 03-41634.

Aug. 10, 2004.

Background: Defendant, who had told corporate customer service representative "I just dumped anthrax in your air conditioner," was convicted in the United States District Court for the Eastern District of Texas, Paul N. Brown, J., of threatening to use weapon of mass destruction, and he appealed.

Holdings: The Court of Appeals, W. Eugene Davis, Circuit Judge, held that:
(1) defendant's statement was cognizable as a "threat" even though it didn't refer to future action, and
(2) interstate commerce element of offense was satisfied.

Affirmed.

[1] Criminal Law ⚖═1144.13(2.1)

110k1144.13(2.1)

[1] Criminal Law ⚖═1159.2(7)
110k1159.2(7)

Where federal defendant challenges sufficiency of evidence on which his conviction was based, Court of Appeals determines whether, after viewing evidence in light most favorable to verdict, any rational trier of fact could have found essential elements of offense beyond a reasonable doubt.

[2] Extortion and Threats ⚖═25.1
165k25.1

Defendant's statement to corporate customer service representative, "I just dumped anthrax in your air conditioner," was cognizable as "threat" under statute criminalizing threats to employ weapons of mass destruction; statement created apprehension, even though it did not refer to future act. 18 U.S.C.A. § 2332a.

[3] Extortion and Threats ⚖═25.1
165k25.1

Interstate commerce element was satisfied in prosecution for threatening to use weapon of mass destruction, where defendant falsely stated to corporate customer service representative, "I just dumped anthrax in your air conditioner"; statute did not require actual effect on interstate commerce in case of threat, but rather showing that interstate commerce would have been affected if threat was carried out. 18 U.S.C.A. § 2332a(a)(2).

Arnold Augur Spencer, Plano, TX, for Plaintiff-Appellee.

Keith E. Uhl, Law Offices of Keith E. Uhl, Des Moines, IA, for Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of Texas.

Before DAVIS, EMILIO M. GARZA and PRADO, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

*1 The defendant was convicted of threatening to use weapons of mass destruction in violation of 18 U.S.C. § 2332a. In this appeal he argues that the evidence was insufficient to prove beyond a reasonable doubt either that he actually made a "threat" to use a weapon of mass destruction or that this threat affected interstate commerce. The defendant also argues that § 2332a is an unconstitutional use of Congress's powers under the Commerce Clause. The defendant's arguments are without merit, and we affirm.

I.

In the fall of 2001, the defendant, Larry D. Reynolds (Reynolds), was involved in an ongoing dispute with his mortgage company, Countrywide Mortgage (Countrywide). Reynolds was delinquent on his mortgage payments and Countrywide was considering foreclosure. On October 31, 2001, Reynolds called Countrywide from his office in Des

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1775972                                                                Page 5
(Cite as: 2004 WL 1775972, *1 (5th Cir.(Tex.)))

Moines, Iowa, and attempted to access Countrywide's automated account system to review the status of his loan. Reynolds's delinquency prohibited him from using the automated system, and instead he was transferred to a customer service representative in Plano, Texas. Upon connecting with the operator, Reynolds yelled into the phone, "I just dumped anthrax in your air conditioner." The operator immediately contacted security. Shortly thereafter Countrywide security determined that the threat was not credible and decided not to evacuate the building.

Reynolds was subsequently arrested and charged with threatening to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a. A jury convicted Reynolds and he was sentenced to 51 months in prison.

II.

[1] In this appeal Reynolds contends that the evidence was insufficient to support his conviction. Where a defendant challenges the sufficiency of the evidence on which his conviction was based, this court must determine whether "after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *United States v. Daniel*, 957 F.2d 162, 164 (5th Cir.1992).

A.

[2] Reynolds first argues that the term "threaten to use" in 18 U.S.C. § 2332a suggests that only threats of future use of a weapon of mass destruction are prohibited by the statute. [FN1] Reynolds argues that because his statement indicated a past act, i.e, that he had already dumped anthrax into the air conditioner, it cannot be construed as a threat under the statute.

This court has not previously considered what constitutes a "threat" under § 2332a. In the absence of a statutory definition, terms are given their ordinary, contemporary, common meaning. *United States v. Singleton*, 946 F.2d 23, 25 (5th Cir.1991).

Blacks Dictionary defines a "threat" as "[a] communicated intent to inflict harm or loss on another or on another's property[.]" Blacks Law Dictionary (8th ed.2004). Webster's defines a "threat" as "[a]n expression of an intention to inflict something harmful." Webster's II, New Riverside University Dictionary (Anne H. Soukhanov ed., Houghton Mifflin Company 1984). Furthermore, we have defined the term "threat" in 18 U.S.C. § 875, which prohibits threatening communications made through interstate commerce. We held under § 875(c) that a communication is a threat if "in its context [it] would have a reasonable tendency to create apprehension that its originator will act according to its tenor." *United States v. Myers*, 104 F.3d 76, 79 (5th Cir.1997); *see also United States v. Redden*, 81 Fed.Appx. 96 (9th Cir.2003) (unpublished)(defining "threat" under 18 U.S.C. § 175). We have found no credible support for a definition of "threat" that requires reference to a future act. We therefore conclude that the proper definition of "threaten" in § 2332a is that adopted by this court in *Myers*: a communication that has a reasonable tendency to create apprehension that originator of the communication will act as represented. Under the circumstances of this case a rational trier of fact could have found beyond a reasonable doubt that Reynolds "threatened" to use anthrax.

B.

*2 [3] Reynolds next argues that the evidence was insufficient to prove beyond a reasonable doubt that the threat would have affected interstate commerce. In the case of threats to use weapons of mass destruction, the Government must prove as an element of the offence that the "use ... would have affected interstate or foreign commerce." 18 U.S.C. § 2332a(a)(2). Reynolds argues that because there was no evacuation or stoppage of work at the company, the evidence is insufficient to establish the interstate commerce requirement of the statute.

This argument is without merit. The statute merely requires that there would have been an effect on interstate commerce had the threat been carried out. Countrywide is a national company; had Reynolds carried out his threat, the closing of Countrywide's office definitely would have affected Countrywide's customers in numerous different states. For these reasons, we conclude that the evidence is sufficient to support Reynold's conviction. [FN2]

III.
For the reasons stated above, the judgment of the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

2004 WL 1775972    Page 6
(Cite as: 2004 WL 1775972, *2 (5th Cir.(Tex.)))

district court is affirmed.

AFFIRMED.

> FN1. 18 U.S.C. 2332a provides, in pertinent part:
> (a) A person who, without lawful authority, uses, *threatens*, or attempts or conspires *to use*, a *weapon of mass destruction* [ ]--
> \* \* \*
>
> (2) *against any person within the United States, and* the results of such use affect interstate or foreign commerce or, *in the case of a threat,* ... *would have affected interstate or foreign commerce;*
> \* \* \*
> shall be imprisoned for any term of years or for life[.]

> FN2. Reynolds also argues that under *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), § 2332a violates the Commerce Clause. Reynolds did not challenge the constitutionality of § 2332a in the district court, so our review is limited to plain error. *United States v. Lankford*, 196 F.3d 563, 570 (5th Cir.1999). Under plain error, Reynolds must demonstrate that the district court committed an obvious error that affected his substantial rights and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (quotations omitted).
> The district court committed no error, plan or otherwise. *Morrison* simply reaffirmed the position of the Supreme Court that Congress cannot use the Commerce Clause to regulate non-economic, criminal conduct. See *Morrison*, 529 U.S. at 610, 120 S.Ct. 1740. Clearly the use of weapons of mass destruction could seriously affect interstate commerce. Section 2332a is therefore a constitutional exercise of Congress's powers under the Commerce Clause.

2004 WL 1775972 (5th Cir.(Tex.))

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.