# LYNCH, TRAUB, KEEFE AND ERRANTE
### A PROFESSIONAL CORPORATION
### ATTORNEYS AND COUNSELLORS AT LAW

\*\*HUGH F. KEEFE
† STEVEN J. ERRANTE
°° JOHN J. KEEFE, JR.
\* DONN A. SWIFT
CHARLES E. TIERNAN III
ROBERT W. LYNCH
RICHARD W. LYNCH
† TIMOTHY P. POTHIN
ERIC P. SMITH
NICOLE M. FOURNIER
LOUIS M. RUBANO
† MARISA A. BELLAIR
£ NANCY A. FITZPATRICK
\* STEPHEN I. TRAUB, OF COUNSEL
° WILLIAM C. LYNCH, RETIRED

52 TRUMBULL STREET
P.O. BOX 1612
NEW HAVEN, CONNECTICUT 06506-1612

PHONE:      (203) 787-0275
FAX:        (203) 782-0278
E-MAIL:     LAWYERS@LTKE.COM
INTERNET:   HTTP://WWW.LTKE.COM

\* BOARD CERTIFIED CIVIL TRIAL LAWYER
°° BOARD CERTIFIED CRIMINAL TRIAL LAWYER
\*\* BOARD CERTIFIED CIVIL AND
CRIMINAL TRIAL LAWYER
† ALSO ADMITTED IN NEW YORK
° ALSO ADMITTED IN DISTRICT OF COLUMBIA
£ ALSO ADMITTED IN FLORIDA

September 2, 2004

Honorable Ellen Bree Burns
Senior United States District Judge
United States District Court
141 Church Street
New Haven, CT 06510

Re: **United States v. Noel Davila**
    **3:02CR258 (EBB)**
    **Our File No. 20456-001**

Dear Judge Burns:

I write to respond to the Government's latest submission in opposition to Mr. Davila's Motion for Judgment of Acquittal, and specifically to take issue with the Government's reliance on United States v. Reynolds, ___ F.3d ___, 2004 WL 1775972 (5th Cir. 2004). This recent decision from the 5th Circuit Court of Appeals ignores the plain meaning of 18 U.S.C. § 2332a, and would render the language of the statute superfluous. Moreover, the 5th Circuit Court of Appeals has chosen to ignore the reasoning of the United States Supreme Court in Bailey v. United States, 516 U.S. 137, 145 (1995), and the Second Circuit Court of Appeals in United States v. Sovie, 122 F.3d 122, 125 (2d Cir. 1997) and United States v. Malik, 16 F.3d 45, 51 (2d Cir. 1994) (a true threat is so unequivocal, unconditional, immediate and specific to the person threatened as to convey a gravity of purpose and imminent prospect of execution.) As Judge Patterson correctly noted in United States v. Taylor, No. 2CR:073 (RPP), 2003 WL 22073040 (S.D.N.Y.) September 5, 2003, the phrase "imminent prospect of execution" connotes future conduct.

The Government's reliance on Reynolds is not only misplaced, but disappointing. In its own submission dated August 20, 2004, the Government relies in part on the controlling decisions of the Second Circuit cited above for the proposition that a true threat connotes the imminent prospect of execution. *Gov. Brief at p. 27.* Moreover, the Government has conceded that the Second Circuit has not addressed the question of whether fear of present injury from a threatening communication constitutes a true threat. *Gov. Brief at p. 27.* The Government now embraces the language of the 5th Circuit in Reynolds wherein the Court stated "We have found no credible support for a definition of threat that requires reference to a future act." WL 1775972 at 1. The court goes on, however, to hold that a "threat" is a communication that would have a reasonable tendency to create apprehension that its originator *will act according to its tenor.* Id. quoting United States v. Meyers, 104 F.3d 7679 (5th Cir. 1997). These two statements in Reynolds, appearing in the very same paragraph of the decision cannot be logically reconciled. A communication which creates an apprehension that someone *will act* as represented is indeed a communication that conveys the idea that the communicator will *engage in future conduct.* In short, Reynolds lends no support whatsoever to the Government's argument.

Paradoxically, the Fifth Circuit Court of Appeals in Reynolds acknowledges, at least tacitly that 18 U.S.C. § 2332a makes it a crime to "threaten to use" a weapon of mass destruction. Reynolds WL1775972 at p. 1 ("Reynolds first argues that the term 'threaten to use' in 18 U.S.C. § 2332a . . . .") ("…under the circumstances of this case a rational trier of fact could have found beyond a reasonable doubt that Reynolds threatened to use anthrax"). In this case, the Government has asked the court to separate the word "threatened" from the word "use" as contained in 18 U.S.C. § 2332a in construing the meaning of the statute. In so doing, the Government urges a construction of the statutory elements of the crime that strains the plain meaning of language contained therein. This construction of the statutory language is entirely at odds with the construction of the statute by the 5th Circuit Court of Appeals in Reynolds and also with the Government's own indictment in this case.

The Government has alleged very specifically that the defendant ". . . did knowingly and intentionally, and without lawful authority, threaten the use of a weapon of mass destruction . . . .". The Government's attempt to divorce the word "threat" from the word "use" elevates grammatical nuance over the plain meaning of the language of statute on its face. As Judge Patterson also reasoned "threatening to use" clearly connotes future action.

Page 3

Finally, Mr. Davila's case is clearly distinguishable from Reynolds on its facts. Assuming arguendo (as I must) that Mr. Davila caused the "antrax" letter to be sent to the Bridgeport state's attorney, it is ambiguous at best because the language contained in the letter is not specific and does not mention any future conduct. Moreover, the recipients knew, because it was clearly marked, that the letter came from an inmate at the Cheshire Correctional Institution and the letter itself could not possibly contain anthrax. In other words, there was no chance one could conclude it was an expression of Davilla's intent to immediately inflict harm. The defendant in Reynolds, on the other hand, told his victim, in no uncertain terms, that he had put anthrax into the air conditioning system. Whereas Reynolds is wrong on its facts and on the law, it is also inapposite.

To determine whether a communication constitutes a true threat (in this case a letter), a fact finder must of course consider the affect of the communication on the listener or recipient and not simply analyze its content on its face. At the same time, however, the affect of a communication on a recipient is not the sole consideration. A fact finder must consider whether the contents of the letter itself, taken in conjunction with the reaction of its recipient would render it a clear, unequivocal, unconditional, and specific expression of the writer's intent to use anthrax. On the facts of this case, no fact finder could conclude that the ant[h]rax letter at issue was a true threat.

Very truly yours,

*/signature/*

Timothy P. Pothin

TPP:ib

cc: Steven Reynolds, Esq.
    Assistant United States Attorney
    Office of the United States Attorney
    915 Lafayette Boulevard
    Bridgeport, CT 06604