UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | CR No. 3:02CR258 (EBB) |
| V. | : | |
| NOEL DAVILA | : | MAY 5, 2005 |

**SUPPLEMENTAL SENTENCING MEMORANDUM**

I. **INTRODUCTION**

The defendant filed a Memorandum in Support of his Objections to the Presentence Report on or about October 15, 2004 urging this court to adopt the reasoning of the United States Supreme Court in Blakely v. Washington, 124 S. Ct. 2531 (2004) to this case and to impose a non-guideline sentence. Since that time, the United States Supreme Court decided in United States v. Booker ("Booker") that Blakely applies to the United States Sentencing Guidelines. United States v. Booker, United Staets v. FanFan, 1255 Ct. 738 (2005).

Under Booker, any fact necessary to support sentencing enhancements exceeding the maximum authorized by a jury verdict must be proven beyond a reasonable doubt. Booker, 125 S. Ct. at

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-1-

746 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000)). The United States Supreme Court held specifically that the mandatory provisions of the Sentencing Reform Act ("SRA"), 18 U.S.C. § 3553(b)(1), must be excised as unconstitutional and violative of a defendant's Sixth Amendment Right to a jury trial. Booker at p. 16. The guidelines are now advisory and while the applicable sentencing guideline range must be "considered" in sentencing a defendant, it is but one in the mix of several factors enumerated in 18 U.S.C. § 3553(a)(2) that the court must so consider before imposing a sentence. Id. at 17.

 The decision in Booker seemingly created a paradox in that the statutory maximum for Apprendi purposes is no longer the maximum under the guidelines as it was in Blakey under the Washington State Sentencing Scheme. Rather the maximum penalty is the maximum that may be imposed pursuant to statute or the statutory maximum. Thus, after Booker, judicial fact finding within the guidelines' parameters does not pose a Sixth Amendment, or Apprendi problem because sentences are not enhanced beyond a mandatory base offense level. Id. at 16; United States

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-2-

v. Crosby, 397 F.3d 103 (2d Cir. 2005).  In other words, it is of no significance that a judge, rather than a jury decides facts that permit a sentencing enhancement under the guidelines if the court does not commit a procedural error by mandatorily enhancing the sentence above the range applicable to facts found by a jury and/or mandatorily applying a guideline range based solely on facts found by a jury.  Crosby, 397 F.2d at 114.

The Second Circuit Court of Appeals has identified several guiding principles that emerge from Booker:

1. The guidelines are no longer mandatory.

2. The sentencing judge must consider the guidelines and all other factors listed in § 3553(a).

3. Consideration of the guidelines will normally require a determination of the applicable guideline range or at least identification of arguably applicable guideline ranges and consideration of policy statements.

4. The sentencing judge should decide after considering the guidelines and all of the other factors set forth in § 3553(a) whether to impose a sentence within the applicable

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-3-

guidelines range or within a permissible departure authority, or to impose a non-guideline sentence.

5. The sentencing judge is entitled to find all facts appropriate for determining either a guideline sentence or a non-guideline sentence. Crosby, 397 F.3d at 113.

Notably, the courts of appeal no longer require the district judges to utter "robotic incantations" to justify a sentence outside the applicable guideline range. Id. Moreover, the Second Circuit has declined to specifically determine the degree of "consideration" that a sentencing judge should give or what weight is to be given the applicable guideline range in the sentencing decision. Id.

In Mr. Davila's case, Booker/Fanfan should significantly impact his sentencing. While the defendant initially disputed the applicability of the career offender provision, U.S.S.G. § 4B1.1, it now appears he has the requisite convictions to classify him as a career offender.[1] The facts and circumstances

---

[1] The defendant argued in his preliminary memorandum that he should not be considered a career offender since his conviction and/or convictions for risk of injury to a minor were not crimes of violence.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC

-4-

of this case, however, combined with consideration of all of the factors enumerated in 18 U.S.C. § 3553(a) substantially outweigh any due consideration to be given to the applicable guideline range in this case, and mitigate heavily in favor of a non-guideline sentence.

## II. EVEN IF THE DEFENDANT IS TO BE CONSIDERED A CAREER OFFENDER, THE COURT SHOULD IMPOSE A NON-GUIDELINE SENTENCE

If in fact the court determines that the defendant is a career offender, the base offense level under U.S.S.G. § 4B1.1(a) is a Level 37 with a criminal history category VI. Under the Pre Booker/Fanfan sentencing regime, the defendant was exposed to a sentence of 360 months to life in prison. If he did not qualify as a career offender, his adjusted offense level would be 27 and

---

The Government has since provided the undersigned with an Amended Prosecutor's Information filed immediately before the defendant's trial on those charges. The defendant was convicted of five counts of Risk of Injury to a Minor and Reckless Endangerment in the First Degree on a separate information after the court declared a mistrial. The Amended Substituted Information charges that the defendant with extreme indifference to human life did recklessly engage in conduct which created a risk of serious injury to another in violation of § 53a-63(a) of the <u>Connecticut General Statutes</u>. If the defendant was ultimately convicted of that crime as charged, then he would have been guilty of a crime of violence. It appears that this conviction qualifies as a crime of violence under § 4(b)1.2 of the Sentencing Guidelines. Moreover, the defendant was charged and was convicted of violating § 53-21(1) of the <u>Connecticut General Statutes</u>. A conviction under this subsection would appear to be a crime of

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC

-5-

his criminal history category would be IV.  The Sentencing Guidelines range would have been 100-125 months.  This guideline range would appear more reasonable, but the court must consider the nature and circumstances of the offense in sentencing this defendant.  Because the offense in this case was committed while the defendant was incarcerated, with no realistic opportunity to perpetrate any harm, a guideline sentence would be excessive.

The Court's reference to the legislative history preceding the anti-terrorism and death penalty act of 1996 is helpful. Congress recognized that terrorist groups might incorporate threats to use weapons of mass destruction as part of their strategy.  (Trial court's opinion denying MJOA at p. 30).  The amendment was enacted after the Oklahoma City Bombing to strengthen prohibitions against such threats.

The defendant in this case is neither a domestic, nor foreign terrorist.  He is not among the target class of offenders that the amendment to § 2332a seeks to deter and punish.  Instead

---

violence. <u>Santa Paola v. Ashcroft</u>, 249 F. Supp. 2d 181, 194, U.S.D.C. Conn. 2003. [Prosecutor's information, Exhibit "A"].

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA V. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-6-

he is an emotionally and mentally unstable inmate, with antisocial tendencies who had neither the means, nor the ability, or know how to manufacture or utilize a weapon of mass destruction.

If the jury was correct, this was no more than an immature, ill-advised and foolish hoax.  The envelope sent to the state's attorney's office contained white powder, but it also contained nonsensical writings and it was post-marked from a state correctional facility. Even if the letter constituted a threat as the jury determined, it was not a serious threat.  The recipients of the so-called anthrax hoax were never in any danger.

In sentencing this defendant the guiding principles are not found in the sentencing guidelines. A reasonable sentence in this case is a sentence that punishes the defendant as a convicted felon who the jury found committed yet another felony, but takes into account the unusual, mitigating circumstances of the offense.  The trial court carefully considered the evidence and found that when viewed in light most favorable to the government the anthrax hoax in this case was a true threat.  Nonetheless,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-7-

the facts and circumstances of this offense cry out for a sentence far below the applicable guideline range.

The defendant may meet the technical criteria to be considered a career-offender, but the instant offense was not nearly as serious in terms of the harm caused, or danger posed to the public and/or victims as the predicate offenses. It was, as a practical matter, a non-violent outburst from inside the impenetrable walls of a highly-secure, state prison facility. It is neither necessary, nor appropriate to sentence the defendant to a lengthy prison time to comply with 18 U.S.C. § 3553(a).

### III. **A LENTHY SENTENCE OF IMPRISONMENT WOULD NOT SERVE THE LEGITIMATE PURPOSES OF PUNISHMENT, INCAPACITATION OR DETERRENCE.**

18 U.S.C. § 3553a(2) enumerates a number of factors that the court must consider to determine the need for a particular sentence. In this case, a just and reasonable punishment must take into account the defendant's prior record, but the seriousness of the offense itself must be measured by referencing the statutory maximum, but instead, by considering the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-8-

circumstances of the offense, the methods used, and as discussed above, the relatively minimal risk that it would that any harm would ensue.

Similarly there is no need for a lengthy sentence to incapacitate the defendant.  He is currently serving lengthy prison term.  His projected release date is not for many many years.  The public is indeed safe from Noel Davila.

Any prison sentence imposed in this case will send a clear deterrent message to the prison population that when one sends threats from his jail cell, he will receive additional prison time.  General and/or specific deterrence as sentencing objectives do not require a lengthy prison sentence.

Another factor that should weigh heavily in the court's sentencing decision is the defendant's mental health.  It is clear that he requires additional psychiatric treatment.  Mr. Davila suffers from clinical depression and post-traumatic stress disorder. His childhood was an abyss of physical and mental abuse, hopelessness, drug abuse and degradation.  It is no wonder that he has committed terrible crimes in the past and the jury

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-9-

found he cannot seem to moderate his behavior even in a highly structured prison environment. This defendant would have committed the offenses of conviction while suffering from these psychiatric disorders observed prior to August of 2002, in April of 2003 when he underwent a competency evaluation, and again when he was examined by Humberto Temporini, M.D., (Temporini Report to be provided prior to sentencing). The defendant's psychiatric condition before, after, and at the time of the offenses of conviction is a mitigating factor that should be considered by the court.

**IV. THE COURT MAY CHOOSE TO IMPOSE A SENTENCE TO RUN CONCURRENTLY WITH THE DEFENDANT'S UNDISCHARGED STATE SENTENCE.**

The trial court may in its discretion sentence Mr. Davila concurrently with the undischarged state sentence he is now serving and was serving at the time he allegedly committed the offense of conviction. 18 U.S.C. § 3584 (2004).

Under the former, Pre Booker/FanFan Sentencing Regime the United States Sentencing Guidelines apparently required the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-10-

District Courts to sentence an offender to a term to run consecutively with an undischarged state sentence if he committed the crime of conviction while he was incarcerated and serving the prior sentence.  U.S.S.G. § 5G1.3.  In this regard the guidelines directly contradicted the language contained in 18 U.S.C. § 3584(a) and 3584(b) which instructed the trial court to consider the factors set forth under § 3553(a) when deciding whether to impose a concurrent or consecutive sentence.  Even before Booker/FanFan there was support for the proposition that notwithstanding the language contained in the sentencing guidelines the Court retained the discretion to run a sentence concurrently with an undischarged state sentence even in a situation where the offense of conviction was committed while the defendant was serving the undischarged sentence. <u>United States v. Schaefer,</u>, 107 F.3d 1280, 1285 (7th Cir. 1997); <u>United States v. Mihaly</u>, 67 F.3d 894, 897 (10th Cir. 1995); <u>United States v. Lail</u>, 963, F.2d 263, 264 (9th Cir. 1992).

Clearly, after Booker/FanFan the better view is that this court may, in its discretion, sentence Mr. Davila concurrently

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA v. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-11-

with his undischarged state evidence.  The court may therefore determine in accordance with 18 U.S.C. § 3553(a) that a concurrent sentence is appropriate.

**CONCLUSION:**

    For all of the foregoing reasons, the undersigned, on behalf of the defendant, respectfully submits that a non-guideline sentence is appropriate in this case.

```
                              THE DEFENDANT
                              NOEL DAVILA

                              BY:_____
                                  TIMOTHY P. POTHIN, ESQ.
                                  Lynch, Traub, Keefe & Errante
                                  52 Trumbull Street
                                  P.O. Box 1612
                                  New Haven, CT 06506
                                  (203) 787-0275
                                  Federal Bar No. ct02744
```

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA V. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-12-

CERTIFICATION

    I hereby certify that a copy of the foregoing was **HAND DELIVERED** on May 5, 2005, to all counsel and pro se parties of record as follows:

Assistant United States Attorneys
Robert M. Appleton
Stephen B. Reynolds
915 Lafayette Boulevard
Bridgeport, CT 06604

                                                      _____
                                                      Timothy P. Pothin, Esq.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20000-20499\20456 N. DAVILA\001 USA V. - TPP\SUPPLEMENTAL SENTENCING MEMORANDUM 05-03-05.DOC
-13-